Memorandum by the Court. In an action by a tenant to recover damages from his former landlord, pursuant to the provisions of the Commercial Rent Law (L. 1945, ch. 3, § 8, subd. [d], as amd.), the landlord pleaded an affirmative defense of release executed and delivered to him by the tenant for a valuable consideration prior to the landlord’s reletting to a third person. The tenant appeals from an order denying his motion to strike out this affirmative defense for insufficiency.
When a cause of action arises under the Commercial Rent Law by reason of dispossession of the tenant and reletting to a third person, the tenant may not be deprived of his cause of action by release executed prior to such reletting. (Commercial Rent Law, § 12, as added by L. 1945, eh. 315, § 3; Maruzzella v. Metro Associated Services, 275 App. Div. 114.) General release, a defense in confession and avoidance, is the only defense pleaded. What the landlord intended to plead is that, after service of the notice to vacate and the conclusion of the summary proceeding, there was a change in circumstances, that he at all times acted in good faith, and that the tenant vacated as the result of a new and independent agreement made between the parties after the summary proceeding was concluded, rather than as a result of the summary proceeding. Such facts, if proved, would prevent the tenant’s cause of action from arising ab initio. However, that is not what the landlord pleaded.
Order reversed on the law, with $10 costs and disbursements, and the motion granted, without costs, with leave to defendant, if so advised, to serve an amended answer within ten days after the entry of the order hereon.